993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth LOGSDON and Timothy Allen Luckenbill, an infant,
Plaintiffs-Appellants,
v.
Dr. Harry J. COWHERD; Margery Chapleau; Walt Chapleau;
and Steve Berry, Defendants-Appellees.
 No. 92-6248.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1993.
 
 Before: GUY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a civil rights case that a Kentucky prison inmate sought to bring in forma pauperis. The plaintiff complained that his right of access to the courts was violated when prison officials refused to let an inmate legal aide accompany him to meetings at which a prospective termination of the plaintiff's parental rights was discussed with officials of the Kentucky Department of Human Resources. The district court dismissed the case as frivolous pursuant to 28 U.S.C. § 1915(d). We shall affirm the dismissal.
 
 
 2
 * On May 23, 1991, the Kentucky Department of Human Resources initiated a proceeding in the Jefferson County Circuit Court to terminate the parental rights of the plaintiff inmate, Kenneth Logsdon, with respect to Timothy Luckenbill, an infant. Mr. Logsdon represents that Timothy is his biological son.
 
 
 3
 Three employees of the Department met with Mr. Logsdon at the Kentucky State Reformatory on July 9, 1991. Mr. Logsdon requested permission for inmate legal aide John Reneer to accompany him to the meeting, but the request was denied by Deputy Warden Steve Berry.
 
 
 4
 In the course of the July 9 meeting one of the Department's employees, Linda Waller, outlined plans for evaluating possible home placements for Timothy. Mr. Logsdon took exception to Ms. Waller's proposal, and he filed a complaint against her with the Department soon after the meeting.
 
 
 5
 Another employee of the Department, defendant Margery Chapleau, arranged a meeting with Mr. Logsdon on July 23, 1991, in an attempt to reach an informal resolution of the complaint against Ms. Waller. Deputy Warden Walt Chapleau granted Mr. Logsdon's request that Mr. Reneer be allowed to accompany him to this meeting. No resolution of the complaint was reached at the meeting.
 
 
 6
 On August 12, 1991, a representative of the Department of Human Resources notified Mr. Logsdon that an important meeting would be held in late August concerning Timothy. Mr. Logsdon made a written request that Mr. Reneer be allowed to accompany him to the meeting. Deputy Warden Berry responded with a memorandum refusing to allow Reneer to attend any such meetings. Mr. Berry wrote that his decision was dictated by rules of the state Corrections Cabinet.
 
 
 7
 Mr. Logsdon promptly filed the present action under 42 U.S.C. § 1983 seeking various remedies: an injunction that would forbid prison officials from allowing prison legal aides to decide in their discretion whether to assist in legal actions such as those in which Mr. Logsdon is involved; appointment of a guardian ad litem; an injunction prohibiting Department of Human Resources officials from conducting a hearing on Mr. Logsdon's complaint against Ms. Waller as long as Mr. Logsdon does not have legal representation; and compensatory and punitive damages.
 
 
 8
 The district court dismissed the complaint with prejudice. Insofar as Mr. Logsdon sought legal representation in the termination proceedings, the court determined that it was required to abstain from the exercise of jurisdiction because the proceedings were pending before the Kentucky state courts. Insofar as Mr. Logsdon was complaining of a denial of access to the courts, the district court determined that the complaint did not state a valid claim and was frivolous under 28 U.S.C. § 1915(d). Mr. Logsdon has appealed on behalf of himself and Timothy.
 
 II
 
 9
 The dismissal of a case under 28 U.S.C. § 1915(d) is reviewed by this court under an abuse of discretion standard. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989). "A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 10
 Mr. Logsdon has not alleged that defendants Harry Cowherd and Margery Chapleau played any role in the decision not to allow the inmate legal aide to accompany the plaintiff to meetings and hearings. Dismissal as to both these defendants was thus clearly appropriate.
 
 
 11
 It is equally clear that under the doctrine of Younger v. Harris, 401 U.S. 37 (1971), the district court could abstain from the exercise of jurisdiction during the pendency of the Kentucky parental termination proceedings. The United States Supreme Court has extended the Younger doctrine to civil proceedings in which the state has a substantial legitimate interest. New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350 (1989). The Court has specifically sanctioned Younger abstention where a state department of human resources sought custody of a family's children because of allegations of child abuse. Moore v. Sims, 442 U.S. 415 (1979). "[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims [raised by the plaintiff]." Id. at 425-26. The Kentucky statutes pertaining to termination proceedings do not foreclose constitutional claims. See K.R.S. Chapter 625.[1]
 
 
 12
 Dismissal of the case with prejudice cannot be justified on abstention grounds, however. Where, as here, a plaintiff sues in federal court for damages, and damages are not available in the parallel state proceeding, the abstention doctrine justifies only a stay of the federal case, not a dismissal. Deakins v. Monaghan, 484 U.S. 193, 202 (1988) (underlying state proceedings were criminal; federal action included a § 1983 claim against law enforcement officers for their actions during a search). See also Watts v. Burkhart, 854 F.2d 839 (6th Cir.1988) (initial appeal).
 
 
 13
 Although the abstention doctrine did not warrant the outright dismissal of Mr. Logsdon's case, we believe that the dismissal was nonetheless warranted under 28 U.S.C. § 1915(d). The case turns on the claim that Mr. Logsdon's constitutional rights were violated by the refusal to let an inmate legal aide accompany him to meetings concerning the termination of parental rights and his related complaint against Ms. Waller. This claim is frivolous as a matter of law. The Constitution requires prison authorities to furnish inmates some degree of affirmative assistance in preparing "meaningful legal papers," Bounds v. Smith, 430 U.S. 817, 828 (1977), but that requirement extends only to "cases involving constitutional rights and other civil rights actions related to their incarceration." Knop v. Johnson, 977 F.2d 996, 1009 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993), quoting John L. v. Adams, 969 F.2d 228, 235 (6th Cir.1992) (determining the scope of the right to access as it applies to juveniles). Because the state termination proceedings in question here do not relate to Mr. Logsdon's incarceration, the Kentucky correctional system is under no constitutional obligation to provide him legal assistance in connection with the proceedings.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 In fact, Mr. Logsdon has a right to have counsel appointed to represent him in the state termination proceedings if he is indigent. See K.R.S. § 625.080(3). There is no indication in the record before this court that the plaintiff ever requested appointment of counsel pursuant to the statute